UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22775-CV-ALTMAN
(CASE NO. 16-20195-CR- GAYLES)
MAGISTRATE JUDGE REID

EDDIE GRIFFIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### 1. Introduction

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. [CV-ECF No. 30]. Movant, Eddie Griffin, filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, which was denied by the District Court. The Eleventh Circuit ruled that the district court did not resolve two of Movant's claims. [*Id.*]. This case has been referred to the Undersigned for issuance of a Report and Recommendation to the District Court regarding Movant's two unresolved claims. [CV-ECF No. 37].

After carefully considering the Government's Responses to the remanded claims and Movant's Reply, this Court **RECOMMENDS** that the Movant's unresolved claims be **DENIED**.

### II. Procedural History

Movant and his co-conspirator, Jhirmack Wiles, were charged in a 11-count Indictment with offenses related to a series of robberies. [CR-ECF No. 1]. Movant allegedly participated in two of the robberies, a robbery of a store called the Seven Day Market and the robbery of a

1

McDonald's restaurant which occurred on the same day. On October 18, 2016, Movant pled guilty to three of the five charges against him: (Count 1) conspiracy to commit Hobbs Act Robbery in violation 18 U.S.C. § 1951(a); (Count 10) Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); and (Count 11) brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, all of which related to the second robbery, the robbery of the McDonald's restaurant. [CR-ECF No. 50]. Movant's judgment was affirmed on appeal.

After his § 2255 motion was denied by the district court, [CV-ECF No. 1, 21], he appealed the denial to the Eleventh Circuit. [CV-ECF Nos. 22]. The Eleventh Circuit ultimately ruled that the district court had failed to resolve all of Movant's claims and remanded the case to the district court for further consideration and a ruling solely with respect to those claims. [CV-ECF No. 30]. The Eleventh Circuit found that Claims Two and Four of Griffin's motion were unresolved in the following respect: (1) whether "the factual proffer failed to show Griffin had the 'advance knowledge' required to support a § 924(c) conviction" and (2) whether Griffin's appellate counsel was ineffective for failing to challenge his § 924(c) conviction on that ground. [*Id.*].

After remand, the District Court ordered the Government to file a response to the unresolved claims. [CV-ECF No. 31]. The Government issued a Response. [CV-ECF No. 32]. The Movant filed his Reply. [CV-ECF No. 33].

### III. Background

Movant agreed to the following facts in the Government's Factual Proffer.

> On December 28, 2014, [Movant] and Wiles entered the McDonald's restaurant located at 15096 Northwest 7th Avenue, in Miami, Florida. [Movant] was not armed but entered with Wiles who was armed with a shotgun. [Movant] ordered hash browns. Wiles ordered a cup of water. When the cashier opened the register to complete the transaction for the hash browns, Wiles brandished the shotgun and demanded the money from the register. Wiles took $123 from the cash register and left the restaurant. [Movant] waited for his hash browns and then left behind Wiles. The robbery is captured on video and [Movant's] face is visible on the surveillance

video. Cameras outside of the McDonald's also show [Movant] and Wiles entering the same vehicle to leave the restaurant. Neither [Movant] nor Wiles wore a mask. Fingerprints left on the water cup linked back to Wiles. The McDonald's cashier identified both [Movant] and Wiles.
[CR-ECF No. 51 at 1–2].

Before sentencing, the U. S. Probation Office prepared a Presentence Investigation Report ("PSR") detailing the underlying facts of all the charged offenses. According to the PSR, Movant participated in another robbery with Wiles on December 28, 2014, hours before the McDonald's robbery. In the first robbery, Movant and Wiles entered the Seven Day Market located at 6350 Pembroke Road in Miramar, Florida. [CR-ECF No. 51; PSR ¶ 13]. Movant and Wiles were unmasked according to the victim. [*Id.*]. Wiles pressed a short-barrel shotgun into the side of the victim's chest and demanded money from the cash register. [*Id.*]. Movant stood by during the robbery and demanded a pack of Newport cigarettes. [*Id.*]. They left the store together. [*Id.*].

## IV.  Discussion

### Claim Two: Evidence of Advance Knowledge of the Firearm

Here, Movant claims entitlement to relief under 28 U.S.C. § 2255 from his § 924(c) conviction because the factual proffer did not establish he had the requisite advance knowledge that his co-conspirator would brandish a firearm. *Id*. Movant avers the evidence was insufficient to establish advance knowledge and, as a result, the conviction should be vacated. *Id*.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment under § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of

constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citations omitted). Movant bears the burden of proof under § 2255. *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

First, the government correctly notes that Griffin procedurally defaulted his claim by failing to raise it on appeal. [CV-ECF No. 32 at 7]. *United States v. Rosemond*, 572 U.S. 65 (2014), the case upon which Griffin relies, held that a defendant must have advance knowledge that his co-conspirator would use a firearm during a violent crime, in order for the defendant to be found guilty of aiding and abetting the use of the firearm under 18 U.S.C. § 924(c). Griffin pled guilty in October 2016 and appealed his conviction on December 31, 2016 [CR-ECF No. 65]. The legal basis for the claim was available to him when he appealed his conviction. To overcome the procedural bar in this § 2255 case, Griffin must establish "cause" and "actual prejudice" for failing to raise the claim earlier, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Griffin appears to rely upon a claim of actual innocence arguing that the element of "advance knowledge" was not established.

According to the Eleventh Circuit, the relevant question when a prisoner seeks federal habeas relief on sufficiency of evidence grounds is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019) (emphasis in original).

Here, the answer to that question requires a review of the elements of § 924(c). Title 18 U.S.C. § 924(c) provides in relevant part that

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime … uses or carries a firearm, or who, in furtherance of such a crime, possesses a firearm, shall, in addition to the punishment provided for such a crime

4

> of violence or drug trafficking crime – if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

18 U.S.C. § 924(c)(1)(A)(ii).

Additionally, 18 U.S.C. § 2 provides that any person who aids and abets a § 924(c) charge is punishable as a principal. The evidence here is that Wiles brandished the gun while the pair conducted the robberies.

*Rosemond* provides guidance regarding the elements required to establish aiding and abetting a § 924(c) offense. According to *Rosemond*, a defendant is guilty of aiding and abetting a § 924(c) offense "if (1) the defendant knew his cohort used a firearm in the . . . crime, and (2) the defendant knowingly and actively participated in the . . . crime." *Id*. at 69. (Internal quotes omitted). First, to be found guilty under § 924(c), the defendant must have advance knowledge that his co-conspirator will possess a weapon before committing the crime. *Id*. at 1241. In other words, if the defendant was unaware that his co-conspirator possessed a weapon before the crime occurred, then the defendant cannot be charged with aiding and abetting brandishing a firearm. *Id*. at 1242.

Also, the defendant is not guilty of aiding and abetting if he first learns of the weapons' presence during the crime without sufficient opportunity to back out. *Id*. at 1242. The defendant must have knowledge of the weapon at a time when they have a reasonable opportunity to walk away. *Id*. In *Steiner v. United States*, 940 F.3d 1282, 1284 (11th Cir. 2019), the Eleventh Circuit found that *Rosemond* applies retroactively on collateral review.

Finally, the defendant must take affirmative action in furtherance of the offense. *Id*. at 71. The standard for participating in the crime is low: "the quantity of assistance [is] immaterial, so long as the accomplice did *something* to aid the crime." *Id*. at 73.

Here, Movant meets the first *Rosemond* requirement because he knew of the weapon prior to the crime of conviction. Griffin does not dispute that Wiles had brandished the weapon in a similar robbery they perpetrated earlier *that same day*. According to the facts in the PSR, Wiles and Movant robbed the Seven Day Market together on December 28, 2014. [CR-ECF No. 51 at ¶13]. Wiles brandished the shotgun and demanded the money from the cash register. [*Id*.]. Later that same day, Wiles and Movant committed the crime for which Movant pled guilty. They entered a McDonald's restaurant together, Wiles brandished a shotgun and demanded the money from the register and took the money, and they then left in the same vehicle together. [*Id*. at ¶14]. Griffin in fact acknowledged that Wiles brandished the gun in the first robbery in written objections to the PSR. [CR-ECF No. 55 at 10]. He argued that his lesser role in the offense warranted a lower sentence because he had merely "stood by and demanded cigarettes before leaving the store with Wiles." [*Id*.]. He further acknowledged in the PSR objections that Wiles had brandished it again during the second. [*Id*. at 11]. It is clear Movant had advance knowledge by the second robbery that the weapon would be present.

Moreover, the facts related in the Factual Proffer alone would satisfy the advance knowledge requirement. When Wiles drew the shotgun during the McDonald's robbery Movant did not retreat. He stood by and waited to receive his hash browns order, then left in the same vehicle with Wiles. *See Steiner v. United States*, 940 F.3d 1282, 1292 (2019) ("Based on this evidence, a reasonable jury could infer that Steiner still had an opportunity to quit the crime after he learned of the guns presence"). Under *Rosemond* and *Steiner*, Movant was guilty of the § 924(c) offense.

The facts here are very similar to *Steiner* where the defendant claimed in a § 2255 motion that "the government did not present sufficient evidence at trial that he had advance knowledge

6

his co-conspirators would use or carry a firearm during the underlying crime of violence." *Id*. at 1284. Trial evidence confirmed Steiner's co-defendant had placed two guns in the car before the carjacking, and Steiner had traveled in the same car with his co-defendant to commit the offense. The Eleventh Circuit found there was evidence from which "a rational trier of fact could conclude beyond a reasonable doubt that he had advance knowledge that his co-conspirators would use or carry firearms during the carjacking." *Id*. at 1294. Further, the Court held that Steiner had an opportunity to "quit the crime" after he learned of the presence of the firearms. *Id* at 1287, 1292. The robbery and carjacking spanned "a significant amount of time" during which two victims had time to successfully escape. *Id.* at 1292.

Finally, Movant admitted the *Rosemond* requirement that he act in furtherance of the crime when he admitted that he and Wiles robbed the McDonald's restaurant under the threat of violence. [CR-ECF No. 51 at ¶14]. This meets the requirement of taking affirmative action in furtherance of the offense. *Rosemond*, 572 U.S. at 71.

Here, Movant clearly knew a shotgun was brandished in the first robbery and chose to continue to participate in a second that same day. When the shotgun was brandished in the second robbery, he did not back down or walk away. A rational trier of fact would conclude, beyond reasonable doubt, that Movant had advance knowledge the firearm would be brandished during the McDonald's robbery.

Griffin cannot establish on these facts that he is innocent of the § 924(c) offense, nor can he make the required showing of prejudice. His claim fails both procedurally and on the merits.

### Claim Four: Appellate Counsel Ineffective Assistance

Griffin also contends his appellate counsel should have raised a *Rosemond* challenge to his § 924(c) conviction on appeal.

To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). This Court, however, finds that the performance of Movant's appellate counsel did not prejudice Movant. For the reasons previously explained, even if Griffin's appellate counsel had raised a *Rosemond* claim, under these facts Movant could not have prevailed. Counsel is not ineffective for failing to raise a non-meritorious issue on appeal. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

Moreover, the *Strickland* standard is slightly modified when an ineffective assistance claim involves a guilty plea. While the deficient performance prong remains the same, the United States Supreme Court held in *Hill v. Lockhart,* 474 U.S. 52, 59 (1985) that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. To the extent that Movant also contends that his trial counsel should have argued that the government had not satisfied the elements of the §924(c) offense, he again can establish no prejudice and he has not indicated that he would not have pled guilty and would have proceeded to trial. For this reason as well, his claim should be denied.

**Claims One and Three**

The Eleventh Circuit's remand permits this Court to address solely Griffin's two claims regarding the "advance knowledge" requirement in § 924(c) and his appellate counsel's failure to challenge his § 924(c) conviction on those grounds. The District Court order already addressed the remaining issues Griffin had raised in light of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019). [ECF No. 21]. Indeed, the Eleventh Circuit initially denied Griffin a Certificate of Appealability with respect to those issues because he failed to make the requisite showing that

8

reasonable jurists would debate the denial of those claims. [ECF No. 27]. Accordingly, those issues are not addressed in this Report.

## V. Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal, but he must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a COA, a movant must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935–36 (11th Cir. 2001).

In this case, there is no basis to issue a COA on the claims considered in this Report because reasonable jurists would not find this assessment of Griffin's claims debatable or wrong. If Movant disagrees, he should present his argument to the district judge in objections. Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191-92 (11th Cir. 2020).

## VI. Recommendations

Based on the above, it is **RECOMMENDED** that Movant's Second Amended Motion to Vacate [CV-ECF No. 29] be **DENIED,** no certificate of appealability issue, and the case **CLOSED**.

**SIGNED** this 15th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE