**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NOS.   18-22775-CIV-ALTMAN**
**16-20195-CR-GAYLES**

**EDDIE GRIFFIN**,

     *Movant*,

*v.*

**UNITED STATES OF AMERICA**,

     *Respondent*.

_____/

## ORDER

The Movant, Eddie Griffin, filed (and twice amended) a motion to vacate his federal conviction and sentence. *See* Second Amended Motion to Vacate (the "Second Amended Motion") [ECF No. 29]. We referred the Second Amended Motion to Magistrate Judge Lisette M. Reid, *see* Order Referring Motion [ECF No. 37], whose Report and Recommendation (the "R&R") [ECF No. 38] suggested that the "Movant's [Second Amended Motion] be denied, [and that] no certificate of appealability issue," R&R at 10 (emphasis omitted). Griffin filed objections to the R&R, advancing two arguments: "First, the Magistrate Judge fails to address the claims raised in the [Second Amended Motion]. Second, the Magistrate Judge misapprehends the elements of the statute of conviction, [18 U.S.C. § 924(c)]." Objections to R&R (the "Objections") [ECF No. 39] at 1–2. Because the Objections lack merit, we **ADOPT** the R&R and **DENY** the Second Amended Motion.

### THE FACTS

A federal grand jury accused Griffin and a codefendant, Jhirmack Wiles, of committing a series of robberies in Miami-Dade and Broward Counties between December 27 and December 28, 2014. *See* Indictment, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Mar. 29, 2016), ECF No.

1.[1] Griffin ultimately pled guilty to three counts—all relating to the robbery of a McDonald's on December 28, 2014. *See* Factual Proffer, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Mar. 29, 2016), ECF No. 51 at 1 ("On December 28, 2014, Griffin and Wiles entered the McDonald's restaurant located at 15906 Northwest 7th Avenue, in Miami, Florida. . . . Wiles brandished the shotgun and demanded money from the register."). Judge Ungaro adjudicated Griffin guilty of conspiracy to commit Hobbs Act robbery (Count 1), Hobbs Act robbery (Count 10), and brandishing a firearm in furtherance of a crime of violence (Count 11), and sentenced Griffin to "[132] months as to Count[s] One and Ten to be served concurrently and [84] month[s] as to Count Eleven to be served consecutively to Counts One and Ten. Total sentence 216 months." Judgment, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Mar. 29, 2016), ECF No. 62 at 1–2. The Eleventh Circuit subsequently dismissed Griffin's appeal because of an appellate waiver in his plea agreement. *See United States v. Griffin*, 701 F. App'x 876, 878 (11th Cir. 2017) ("Because the appeal waiver in Griffin's plea agreement is enforceable and his current challenge to the substantive reasonableness of his sentence does not fall within one of the waiver's exceptions, we grant the government's motion to dismiss on the basis of the appeal waiver.").

Griffin filed his initial § 2255 motion on July 10, 2018, *see* Motion to Vacate [ECF No. 1], and amended it on September 24, 2019, *see* Amended Motion to Vacate (the "Amended Motion") [ECF No. 17]. Together, these two pleadings advanced four claims: "(1) whether Petitioner is actually innocent of his career offender designation since his prior convictions do not qualify as crimes of violence; (2) whether Petitioner is actually innocent of his 18 U.S.C. § 924(c) conviction; (3) whether trial counsel was ineffective for failing to challenge Petitioner's career offender designation; and (4)

---

[1] Both this action and the underlying criminal case were originally assigned to Judge Ursula Ungaro. Upon Judge Ungaro's retirement, Griffin's § 2255 was reassigned to us, *see* Clerk's Notice Reassigning Case [ECF No. 34], even as the criminal case was reassigned to Judge Darrin P. Gayles, *see* Clerk's Notice of Reassignment of Closed Case, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Mar. 22, 2022), ECF No. 129.

whether appellate counsel was ineffective for failing to challenge petitioner's § 924(c) conviction." Order Denying Motion to Vacate [ECF No. 21] at 3. Judge Ungaro denied both of Griffin's § 2255 motions and declined to issue a certificate of appealability. *See generally id.*

Griffin appealed the denial of his § 2255 motions. *See* Notice of Appeal [ECF No. 22]. Although the Eleventh Circuit initially declined to issue a certificate of appealability, *see* Eleventh Circuit Order [ECF No. 27] at 4 ("Griffin's motion for a COA is denied because he failed to make the requisite showing."), it later granted *in part* Griffin's motion for reconsideration and issued a certificate of appealability on the following question:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), in failing to address Griffin's sub-claims, based on *Rosemond v. United States*, 572 U.S. 65 (2014), that (1) he was actually innocent of the offense under 18 U.S.C. §§ 924(c)(1)(A) and 2 because he did not have advance knowledge that the codefendant had a firearm, and (2) appellate counsel was ineffective in failing to raise the same issue on appeal.

Order Granting in Part and Denying in Part Griffin's Motion for Reconsideration, *Griffin v. United States*, No. 20-10935-B (11th Cir. July 30, 2020). On February 24, 2021, the Eleventh Circuit held that the "district court [did not] resolve all claims for relief in Griffin's § 2255" and remanded the matter back to us to "resolve Grounds Two and Four of Griffin's motion." *Griffin v. United States*, 837 F. App'x 770, 770, 772 (11th Cir. 2021). After the Eleventh Circuit issued its opinion, Griffin filed his now-operative Second Amended Motion, which renumbered and restated his surviving claims as follows: "(1) my conviction was based on a constitutionally invalid guilty plea because I was not informed that 'advance knowledge' of my confederate's possession of a firearm was an essential element of the offense [the original Ground Two]; and (2) trial and appellate counsel were ineffective for failing to raise the same issue [the original Ground Four]." Second Amended Motion at 1. The Government filed a Response to the Second Amended Motion on May 4, 2021. *See* Response in Opposition to Movant's Second Amended Motion (the "Response") [ECF No. 32]. And Magistrate

3

Judge Reid issued her R&R—recommending that we deny the Second Amended Motion—on April 15, 2022. *See generally* R&R.

## THE LAW

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (cleaned up). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

"A party filing objections must specifically identify those findings objected to and the specific basis for such objections." *Hidalgo Corp. v. J. Kugel Designs, Inc.*, 2005 WL 8155948, at *1 (S.D. Fla. Sept. 21, 2005) (Jordan, J.). Therefore, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

## ANALYSIS

Griffin's claims arise from the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). The defendant in *Rosemond* was charged with aiding and abetting the use of a firearm "during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 924(c), even though he never actually possessed or used a firearm during the commission of that crime, *see Rosemond*, 572 U.S. at 72 ("Rosemond did not buy or borrow a gun to facilitate the narcotics deal; he did not carry a gun to the scene; he did not use a gun during the subsequent events constituting this criminal

misadventure."). *Rosemond* held that a defendant can be found guilty of aiding and abetting a violation of § 924(c) *only* if the Government proves that he had "advance knowledge" that "one of his confederates will carry a gun" during the underlying crime. *Id.* at 77–78; *see also Steiner v. United States*, 940 F.3d 1282, 1290 (11th Cir. 2019) ("The Court held [in *Rosemond*] that a defendant has the requisite intent if he actively participated in the underlying violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." (cleaned up)).

In our case, Griffin challenges his § 924(c) conviction on the ground that—as he puts it—he did not have "advance knowledge" that Wiles "would use, carry, and brandish a firearm" during the McDonald's robbery. Second Amended Motion at 3. And Griffin adds that he took a plea to the § 924(c) count *only* because he did not know that the Government had to prove his "advance knowledge." *See id.* at 4 ("Certainly, the court's acceptance of my plea without informing me the government was required to prove 'advance knowledge' under *Rosemond* was error[.]"); *cf. Rosemond*, 572 U.S. at 78 ("[T]he § 924(c) defendant's knowledge of the firearm must be advance knowledge— or otherwise said, knowledge that enables him to make the relevant legal (and, indeed, moral) choice."). This argument dovetails nicely with Griffin's second ground for relief, which is that his trial and appellate lawyers were ineffective for failing to raise this *Rosemond* argument either in the district court or on appeal.

In her R&R, Magistrate Judge Reid rejected both of Griffin's claims. With respect to the first, she agreed with the Government that Griffin "procedurally defaulted his [*Rosemond*] claim by failing to raise it on appeal." R&R at 4. But she also concluded that the claim failed on its merits because Griffin "knew of [Wiles's] weapon prior to the crime of conviction." *Id.* at 6. How did he know? Because, as his Presentence Investigation Report (the "PSI") noted, he helped Wiles rob another establishment *earlier that day*—and, during that earlier robbery, Wiles *brandished the very same shotgun* he would later unveil at the McDonald's robbery. *See id.* ("Griffin in fact acknowledged that Wiles

5

brandished the gun in the first robbery in the written objections to the [PSI].”). In Magistrate Judge

Reid’s view, therefore, “[a] rational trier of fact would conclude, beyond a reasonable doubt, that

[Griffin] had advance knowledge the firearm would be brandished during the McDonald’s robbery.”

R&R at 7. *Second*, and for related reasons, Magistrate Judge Reid rejected Griffin’s ineffective-assistance

claim—mainly because lawyers have no obligation to advance meritless positions. *See id.* at 8 (“[E]ven

if Griffin’s appellate counsel had raised a *Rosemond* claim, under these facts [Griffin] could not have

prevailed. Counsel is not ineffective for failing to raise a non-meritorious issue on appeal.” (citing

*Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001))).

To make a long story short, we agree with Magistrate Judge Reid. Griffin—the PSI was clear—

*had* advance knowledge that Wiles would brandish a firearm at the McDonald’s robbery. Griffin

(remember) pled guilty to Count 1 of the Indictment, which accused him of conspiring with Wiles to

commit *multiple* robberies “[f]rom . . . December 27, 2014, through . . . December 28, 2014, in Broward

and Miami-Dade Counties[.]” Indictment, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D.

Fla. Mar. 29, 2016), ECF No. 1 at 1; *see also* PSI, *United States v. Griffin*, No. 16-20195-CR-GAYLES

(S.D. Fla. Nov. 23, 2016), ECF No. 54 ¶ 24 (setting out the “two robberies” that were used to calculate

Griffin’s base offense level for Count 1).[2] And one of those robberies—committed just a few hours

before Griffin and Wiles showed up at the McDonald’s—was of the “Seven Day Market” in Miramar.

*See* PSI, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Nov. 23, 2016), ECF No. 54 ¶

13 (“On December 28, 2014, police responded to Seven Day Market . . . . [T]he officers were advised

that two suspects committed an armed robbery of the location, fled and left [in] a vehicle.”). During

---

[2] We’re perfectly within our discretion to rely on the unobjected-to portions of the PSI. *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (“Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court ‘with specificity and clarity.’”); *see also Baker v. United States*, 847 F. App’x 761, 763–64 (11th Cir. 2021) (approving the district judge’s reliance on a PSI in denying a § 2255 motion because the defendant “had the opportunity to object to the information within it either before or during the sentencing hearing—which he did not do”).

that robbery, "Wiles carried a shotgun and pressed it into the side of the victim's chest and demanded all of the money in the cash register. *Griffin stood by during the robbery* and lastly demanded a pack of Newport cigarettes before exiting the store." *Id.* ¶ 14 (emphasis added); *see also* Objections to PSI, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Dec. 7, 2016), ECF No. 55 at 10 ("[R]egarding the Seven Day Grocery robbery, it was codefendant Wiles who carried a shotgun and pressed it into the side of the victim's chest and demanded all the money in the register. Eddie Griffin, the PSI *correctly indicates*[,] stood by and demanded cigarettes before leaving the store with Wiles." (emphasis added)).

We have little doubt that "[Griffin] had advance knowledge by the second robbery that the weapon would be present." R&R at 6. Griffin, after all, "stood by" and watched as Wiles pressed a shotgun "into the side of the victim's chest" at a robbery the pair committed just a few hours before the McDonald's robbery. PSI, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Nov. 23, 2016), ECF No. 54 ¶ 13. It was thus no surprise to Griffin when, just a few hours later, that same codefendant (Wiles) brandished that very same shotgun during the McDonald's robbery. *See* Factual Proffer, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Oct. 18, 2016), ECF No. 51 at 2 ("Griffin was not armed but entered with Wiles who was armed with a shotgun. . . . Cameras outside of the McDonald's also show Griffin and Wiles entering the same vehicle to leave the restaurant."). If Griffin had been surprised—or offended—by Wiles's use of the shotgun during the first robbery, he could easily have chosen not to participate in the second. *Cf. Steiner*, 940 F.3d at 1290 ("Said differently, the Court defined 'advance knowledge' as 'knowledge at a time the accomplice can do something with it—most notably, opt to walk away.'" (quoting *Rosemond*, 572 U.S. at 78)). But he didn't do that. Instead, he robbed the McDonald's knowing full well that Wiles would be bringing that same shotgun.

Moreover, as the Eleventh Circuit has explained, a jury can infer advance knowledge "[w]hen a defendant continues to participate in a crime *after a gun is displayed or used by an* accomplice[.]" *United*

*States v. Atkins*, 842 F. App'x 524, 526 (11th Cir. 2021) (emphasis added); *see also Rosemond*, 572 U.S. at 84 n.1 (Alito, J., concurring in part and dissenting in part) ("Specifically, a defendant has [advance] knowledge, the Court says, if he or she first learns of the gun while the [offense] *is in progress* and at that time 'realistically could have opted out of the crime.'" (emphasis added)). Even without the earlier grocery-store robbery, in other words, Griffin's claim fails. That's because Griffin—it's undisputed— continued to *actively* participate in the McDonald's robbery *even after* Wiles brandished his shotgun during that robbery. *See* Factual Proffer, *United States v. Griffin*, No. 16-20195-CR-GAYLES (S.D. Fla. Oct. 18, 2016), ECF No. 51 at 2 ("Wiles brandished the shotgun and demanded money from the register. Wiles took $123 from the cash registered and left the restaurant. Griffin waited for his hash browns and *then* left behind Wiles. . . . Cameras outside of the McDonald's also show Griffin and Wiles entering the same vehicle [that is, together] to leave the restaurant." (emphasis added)). A reasonable jury could use this evidence to conclude that Griffin didn't pull out of the McDonald's robbery—and, indeed, continued to participate in it—precisely because he wasn't surprised by Wiles's now-brandished shotgun. *See Steiner*, 940 F.3d at 1290 ("[A] jury may infer from a defendant's failure to object or withdraw that he had advance knowledge, if he continues to participate in the crime after a confederate displays or uses a gun." (cleaned up)).

Against all this, Griffin pushes two arguments—both unpersuasive. *First*, he tries to clarify that "he was challenging not [sic] the sufficiency of the evidence but the sufficiency of the district court's information as to the nature of the charge under *Rosemond*." Objections at 4. We take him to mean that Magistrate Judge Reid improperly focused on whether there was sufficient evidence for a jury to find that he had "advance knowledge" of the gun, whereas what he's really doing is challenging his plea as involuntary on the ground that he did not realize—at the time of the plea—what the Government had to prove to secure his conviction. But the two issues are, for our purposes, entwined. Since Griffin didn't raise this claim on direct appeal, he must either (1) "[show] cause for not raising

the claim of error on direct appeal *and* actual prejudice from the alleged error[,]" or (2) demonstrate "that he is actually innocent [ ] of the crime of conviction." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). And, as Magistrate Judge Reid explained, Griffin cannot show *either* prejudice *or* actual innocence because the evidence shows he had "advance knowledge" that Wiles would brandish a shotgun. *See* R&R at 7 ("Griffin cannot establish on these facts that he is innocent of the § 924(c) offense, nor can he make the required showing of prejudice."). And that's precisely how the Eleventh Circuit came out in a similar (and relatively recent) decision. *See Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) ("Carlyle argues that his guilty plea was involuntary because he did not know an essential element of the offense to which he pled. . . . [T]he record amply supports the conclusion that the government would have been able to make that showing, and it contains no evidence that Carlyle would have decided not to plead guilty in light of that circumstance.").

*Second*, Griffin says that Magistrate Judge Reid improperly "relie[d] on cases that analyze § 924(c)'s 'use and carry' element," even though he was convicted of "brandishing a firearm." Objections at 5. Two problems with this. *One*, whether Wiles "used" or "brandished" the gun is irrelevant to the question at hand—which is whether Griffin had "advance knowledge" that Wiles would brandish the gun during the robbery. And, for all the reasons we've outlined here, he did. *Two*, contra Griffin's assertions, Magistrate Judge Reid *did* rely on at least one "brandishing" case. *See* R&R at 6–7 (citing *Steiner*, 940 F.3d at 1286 ("Wilson and Ware *brandished* the guns and began firing them." (emphasis added))). Since Magistrate Judge Reid's analysis was spot-on, we **DENY** Ground One (formerly Ground Two) of the Second Amended Motion.

We also agree with Magistrate Judge Reid's conclusion that neither lawyer was ineffective for failing to raise this *Rosemond* issue. To show ineffective assistance of counsel, Griffin must establish that "counsel's representation fell below an objective standard of reasonableness," and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v.*

*Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984));

*see also Grubbs v. Singletary*, 120 F.3d 1174, 1176 (11th Cir. 1997) ("Generally, an ineffective assistance

of appellate counsel claim is analyzed under the [same] two-pronged test enunciated in [*Strickland*].").

When a defendant pleads guilty to an offense, *Strickland*'s "prejudice" prong can only be met if "there

is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty

and would have insisted on going to trial." *Hill*, 474 U.S. at 59. As we've discussed, Griffin fails to

allege a meritorious *Rosemond* claim—principally because he *did* have "advance knowledge" that Wiles

would be brandishing a shotgun at the McDonald's robbery. And counsel cannot be blamed for failing

to advance unviable arguments. *See Chandler*, 240 F.3d at 917–18 ("Chandler's appellate counsel was

not ineffective for failing to raise a nonmeritorious issue."); *Denson v. United States*, 804 F.3d 1339, 1342

(11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance.");

*Brown v. Dixon*, 2022 WL 1197657, at *15 (S.D. Fla. Mar. 15, 2022) (Altman, J.) ("[C]ounsel cannot be

blamed for failing to advance unviable defenses.").[3] We thus **DENY** Ground Two (formerly Ground

Four) of the Second Amended Motion.

### EVIDENTIARY HEARING

We won't give Griffin an evidentiary hearing because "the motion and the files and records of

the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Schriro v.

Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual

---

[3] In his Objections, Griffin claims that Judge Reid "failed to address" his ineffective-assistance-of-*trial*-counsel claim. Objections at 4. This is at once true and irrelevant. It's irrelevant because we've undertaken a full *de novo* review of Judge Reid's R&R—together with Griffin's Second Amended Motion—and have found Griffin's claims meritless. It's irrelevant, too, because the standard of review for ineffective-assistance claims is the same, irrespective of whether the lawyer whose conduct is being challenged served as trial or appellate counsel. *See Grubbs*, 120 F.3d at 1176 ("Generally, an ineffective assistance of appellate counsel claim is analyzed under the [same] two-pronged test enunciated in [*Strickland*]."). And Magistrate Judge's Reid's conclusions about appellate counsel—*i.e.*, that she had no obligation to present a frivolous *Rosemond* position—applies with equal force to Griffin's trial counsel.

allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only where the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because reasonable jurists wouldn't find our resolution of the Second Amended Motion's claims debatable or wrong, we **DENY** any request for a COA.

\* \* \*

Having conducted a *de novo* review of the R&R, the record, and the applicable law, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 38] is **ACCEPTED and ADOPTED**.

2. Griffin's Second Amended Motion to Vacate [ECF No. 29] is **DENIED**.

3. Any requests for an evidentiary hearing or a certificate of appealability are **DENIED**.

4. Any other pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**.

5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 24th day of May 2022.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Eddie Griffin, *pro se*
       counsel of record